## No. 10,281.

### BOYD *v.* THE GUARDIAN TRUST CO.

Decided April 2, 1923.

Action for money loaned.   Judgment for defendant.

*Affirmed.*

1.   APPEAL AND ERROR—*Insufficient Evidence.*   Record reviewed and the contention of plaintiff in error that there is no evidence to support the verdict, overruled.

2.   INSTRUCTIONS—*Requests.*   Requested instructions which are covered by the instructions given by the court, are properly refused.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. W. E. RICHARDS, for plaintiff in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover back money alleged to have been loaned by plaintiff to defendant. There was a ver-

dict and judgment for defendant, and plaintiff brings the cause here for review.

We refer to the parties as they were designated in the court below. The transaction involved in this case took place on or about September 21, 1913, at which time plaintiff was a stockholder and a director in The Guardian Trust Company, a corporation. The defendant is the Trust Company, above named, and is a banking concern. Shortly prior to the date above mentioned, the State Bank Commissioner found the capital of the defendant bank impaired, and it became the duty of the board of directors to restore the capital. This they could have done by a pro rata assessment upon the stock. Section 27, chapter 44, Session Laws, 1913. They chose, however, to contribute individually to the bank the necessary amount. Approximately $7,000 was thus advanced. The plaintiff contributed $1,000. His complaint alleges that this sum was by him "loaned (to) the defendant, for its accommodation and at its request and without any time being agreed upon for repayment." According to plaintiff's argument, his evidence is to the effect that the agreement among the directors was that he, and each of them making a contribution, were to be repaid as soon as the defendant's building was revalued by the succeeding Bank Commissioner, but that in any event they were to be repaid within some reasonable time.

The answer is a general denial. The defendant's theory is that the agreement was not as claimed by plaintiff, but that it was agreed that plaintiff, and each of the other directors contributing to the defendant's capital were to be repaid only in case there was a revaluation of the defendant's building. The jury found the issues against plaintiff and for the defendant bank.

The plaintiff's main contention is that there is no evidence in support of defendant's theory or defense, and consequently no evidence to support the verdict.

It is admitted that after the money was advanced by the directors there never was any revaluation of the build-

ing, nor any other restoration of the capital by the bank commissioner. The directors expected that there would be a revaluation, and that they would then receive back their respective advancements. This is not conclusive evidence that the contract was of such nature, as the one involved in *Harkinson v. Dry Placer Amal. Co.*, 6 Colo. 269, where an expected event was to be regarded as the time of payment and not as the sole condition of payment.

In this case there is evidence that the contract is, as claimed by defendant, one like that involved in *Rollins v. Denver Club*, 43 Colo. 345, 96 Pac. 188, 18 L. R. A. (N. S.) 733, where a sum of money is to be repaid upon the happening of some contingency, and the happening of the event is essential to the duty to perform. In other words, defendant claims it owed no duty to repay unless there was a revaluation.

The witness McWhirter in testifying for plaintiff said that at the time plaintiff advanced the money "there was no definite agreement as to its being paid, or the time it would be paid," that is, paid back to plaintiff. When called by defendant, the same witness also testified that the only way the directors expected the money to be repaid to them, would be upon a revaluation of the building. The witness Hahn, for defendant, testified that the money was to be returned "under certain circumstances." The circumstances tend to support defendant's theory of the case. It was not shown that any other director than plaintiff sought to recover his respective advancement. If plaintiff's payment of $1,000 was a loan, to be repaid in any event, its repayment might again impair the capital of defendant, and the advancement of the money in the first place would not seem to be a restoration of capital, since it would be offset by a liability to the same amount. The evidence is sufficient to support the verdict.

The foregoing discussion also disposes of assignments of error numbered 4 to 12, inclusive, as argued. Contrary to the contention of plaintiff, we hold, for reasons already stated, that there was evidence warranting the giving

of an instruction permitting the jury to find that the money was not to be repaid at all except on the express condition that the impaired capital of the bank should first be restored. There was no error in the refusal of plaintiff's instruction No. 3, since the law therein stated is sufficiently expressed in instruction No. 2, given.

The remaining assignments of error relate to the alleged admission of immaterial evidence. No such prejudicial error is shown, however, as to warrant a reversal.

The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.